# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JAMES LATIK HARRIS,<br><br>Defendant(s). | 2:12-CR-464 JCM (GWF) |

**ORDER**

Presently before the court is defendant James Latik Harris'[1] motion for review and appeal to the district court of the magistrate court's detention order pursuant to 18 U.S.C. § 3145(b). (Doc. # 16). The government filed a response in opposition. (Doc. # 19). Defendant has elected not to file a reply.

**I.      Background**

On December 11, 2012, a federal grand jury indicted the defendant for four counts of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)© and one count of being a felon in possession of a firearm in violation of 18 U.S.C.§§ 922(g)(1) and 924(a)(2). (Doc. # 1).  The indictment alleges that the defendant had distributed methylone, a schedule I controlled substance, on four occasions between August 15, 2012, and October 15, 2012, and that he unlawfully possessed a firearm on October 25, 2012.

---

[1] Defendant's name is spelled "Harris" in the indictment. Defendant represents to the court that his name is actually spelled "Harres."

**James C. Mahan**
**U.S. District Judge**

1    Prior to the detention hearing, pretrial services prepared a pretrial investigation report
2    ("PIR"). The PIR found that the defendant posed a risk of nonappearance due to a substance abuse
3    history, the use of multiple identifiers, the lack of financial resources or property ties to this or any
4    other community, the lack of familial ties, and a prior parole violation.

5    The defendant made an initial appearance on December 27, 2012, and the magistrate judge
6    ordered defendant detained pending trial. The magistrate judge found that defendant was both a
7    flight risk and a danger to the community. Defendant then filed the instant appeal with this court of
8    the magistrate judge's detention order. (*See* doc. # 16).

## II.    Legal Standard

10    18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate . . . the
11    [detained] person may file, with the court having original jurisdiction over the offense, a motion for
12    revocation or amendment of the order." The standard of review is de novo. *See, e.g., United States*
13    *v. Koenig*, 912 F.2d 1190 (9th Cir. 1990); *United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985) ("In
14    our view a district court should fully consider a magistrate's denial of bail and in ruling on a motion
15    for revocation or amendment of a detention order should not simply defer to the judgment of the
16    magistrate, but reach its own independent conclusion.").

17    18 U.S.C. § 3142(b) provides that before the court may detain a defendant, the court must
18    first determine that a release via a recognizance bond "will not reasonably assure the appearance of
19    the person as required or will endanger the safety of any other person in the community." Section
20    3142© provides a list of conditions that may be used in combination to reasonably assure the
21    appearance of the defendant. The court must consider the conditions before resorting to detention
22    prior to trial.

23    However, for some criminal defendants a presumption in favor of detention attaches due to
24    the crimes for which the defendant was charged. Section 3142(e)(3) provides in relevant part:

25    > Subject to rebuttal by the person, it shall be presumed that no condition or
    > combination of conditions will reasonably assure the appearance of the
26    > person as required and the safety of the community if the judicial officer finds
    > that there is probable cause to believe that the person committed–
27
. . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

>  (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq), or chapter 705 of title 46 . .

### III.  Discussion

After conducting a de novo review and making an independent determination, the court finds that defendant should be detained prior to trial because defendant (1) is a flight risk and (2) is a danger to the community. The court first notes that defendant had been charged with four violations of the Controlled Substances Act, *see* 21 U.S.C. § 841, and each of the four counts carries a maximum sentence of twenty years. Defendant's pretrial release is governed by § 3142(e)(3). The presumption is in favor of detention. Defendant cannot overcome this burden.

   *A.     Flight Risk*

Defendant has a history of drug use. He admitted to using marijuana three times per week, and he last used the narcotic on December 26, 2012 (the day before he was taken into federal custody). Defendant further admitted to using 4-methylenedioxy-N-methamphetamine (commonly known as MDMA or "ecstacy") on a "regular basis" and on "most weekends." The court finds that defendant's assertions that his drug use "is rather limited" not to be credible. Defendant's drug use makes him a flight risk.

Defendant's PIR revealed that he has used multiple identifiers. He argues that the apparent aliases "are likely a result of an operator typing his name incorrectly rather than Mr. Harris attempting to evade detection." However, defendant's PIR reveals that he was arrested for "criminal impersonation" in 2009. The court agrees with the government that the criminal impersonation arrest leads to an inference that defendant has affirmatively used aliases. Defendant's use of multiple identifiers makes him a flight risk.

Defendant argues that this court could release him on bond and that he could live with his fiancé in her house. However, the government argues the fiancee's house was the subject of the search warrant. Defendant was dealing drugs out of the house. Further, defendant possessed a loaded gun in the house, drugs were found on the kitchen counter, and a digital scale was found on

the kitchen table. The court finds that defendant is a flight risk based on the serious questions of the suitability of the defendant returning to his fiancee's residence.

Defendant argues that he has a history of gainful employment, especially while living in Las Vegas. However, defendant admitted to losing his most recent job a few months prior to selling drugs. Instead of seeking other employment, defendant turned to selling narcotics. Defendant has child support obligations. Defendant argues that upon his release he could be a "handyman" for his fiancee's father. The court does not find this to be a realistic alternative, especially considering that defendant could have been a "handyman" after losing his job instead of turning to the sale of narcotics. The court finds that defendant's lack of employment opportunities makes him a risk of flight.

Finally, defendant argues that the court should allow defendant to be out on a personal recognizance bond with conditions prior to trial. Defendant argues that while on conditions of supervised release following a prior felony, he adhered and complied with all the conditions. The court is not persuaded. Defendant has violated parole in the past. His violation just was just not part of his most recent conditions of supervised release following his most recent felony.[2]

### B.   Danger to the Community

Defendant has a significant criminal history that makes him a danger to the community. Defendant has three felony convictions. Two of the felony convictions were drug trafficking convictions and the third was for an assault. Defendant also has a misdemeanor assault conviction.[3] Defendant is subject to the provisions of the Armed Career Criminal Act (18 U.S.C. § 924(e) et seq.).

---

[2] More importantly, however, the incentives to comply with conditions of supervised release following a term of incarceration are not the same as conditions imposed on a defendant who has not yet been found guilty by pretrial services. A person on supervised release following incarceration has a greater incentive to comply with the conditions so that they will not be forced to return to prison. A defendant on conditions of release prior to trial could choose to flee in order to escape an upcoming incarceration.

[3] The court finds that the statement of the fiancé of the defendant that the defendant has never harmed anyone to not be credible.

**James C. Mahan**
**U.S. District Judge**

- 4 -

In the instant charge, defendant is accused of dealing narcotics in four different occasions to an undercover officer. Defendant even sold ecstacy over the website Craig's List. Defendant, already a felon, possessed a firearm. The court finds that defendant is a danger to the community because: (1) defendant has a long history of criminal conduct; and (2) defendant has a history of violent and dangerous criminal conduct.

**IV.    Conclusion**

The court, upon a de novo review, finds that the facts and circumstances warrant the detention of defendant. Further, defendant has failed to overcome the presumption that he should be detained because of the nature of the crimes charged.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for review and appeal to the district court of the magistrate judge's detention order (doc. # 16) be, and the same hereby, is DENIED.

DATED March 20, 2013.

_____
**UNITED STATES DISTRICT JUDGE**